**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIFI MONIQUE GRAHAM, | Civil Action No.: 16-4912 (CCC-JBC) |
| Plaintiff, | |
| v. | **ORDER** |
| TODD C. RYAN, D.O., | |
| Defendants. | |

**CECCHI, District Judge.**

By orders dated September 19, November 4, and December 22, 2016, the Court found that Plaintiff Fifi Monique Graham's ("Plaintiff") Complaint and Second Amended Complaint[1] provided no basis for federal jurisdiction. In light of Plaintiff's pro se status, the Court has repeatedly sua sponte granted Plaintiff leave to file amended complaints stating the grounds for jurisdiction. (ECF Nos. 4, 6, 8). In the second order, (ECF No. 6), the Court explained both federal question jurisdiction and diversity jurisdiction to Plaintiff. See 28 U.S.C. §§ 1331, 1332. In the third order, (ECF No. 8), the Court explained that Plaintiff's purported medical malpractice claim, based on Defendant Dr. Todd C. Ryan's ("Defendant") alleged refusal to remove a foreign object he left in Plaintiff's shoulder after surgery, arises out of state law, not federal law, and that it appears there is no diversity of citizenship.

Before the Court is Plaintiff's Third Amended Complaint. (ECF No. 9). This one-page document alleges Defendant has failed to perform surgery "in accordance with [a] recommendation from [an] orthopedic surgeon to remove [a] fragment of hardware embedded in

---

[1] Plaintiff filed no First Amended Complaint.

1

[Plaintiff's] humerus." (Id.). Plaintiff specifies that this claim is for "malpractice," and refers to "Workmen['s] Compensation" and the fact that Plaintiff injured her shoulder on the job. (Id.). Plaintiff alleges she is suffering from chronic pain, a limited range of movement, and a "diminished capacity to perform activities of daily living." (Id.). There is no allegation pertaining to diversity of citizenship.

Once again, Plaintiff has pleaded a medical malpractice case. Although the Court is sympathetic to Plaintiff's medical situation, this claim arises out of state, not federal, law.[2] Without diversity of citizenship, which the Court has already explained to Plaintiff, this Court has no jurisdiction to adjudicate state law claims.

If it appears to the Court that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

This is the third time the Court has explained subject matter jurisdiction to Plaintiff, and each time Plaintiff has filed an amended complaint, Plaintiff has failed to address the issue of subject matter jurisdiction in any way. It is apparent to the Court that Plaintiff will most likely not be able to do so. Nevertheless, mindful of Plaintiff's pro se status, the Court will grant Plaintiff one final opportunity to address this issue. Plaintiff should read all of the Court's previous orders carefully to consider how to address the issues the Court has raised, and whether Plaintiff will ever be able to allege either diversity of citizenship or federal question jurisdiction.

Plaintiff should also consider whether a court other than the United States District Court for the District of New Jersey may have subject matter jurisdiction over this state law case, and

---

[2] The reference to worker's compensation is not enough to raise an issue of federal law. Worker's compensation is generally an issue of state law. Plaintiff does not allege she is a federal employee covered by federal worker's compensation, and in any event, it is not clear to the Court how this would become a federal claim even if she were.

2

would thus be a more appropriate place to file. This Order does not prevent Plaintiff from filing this case in New Jersey state court or some other court.

Therefore, **IT IS** on this \_\_\_10\_\_\_ day of \_\_\_Feb\_\_\_, 2016,

**ORDERED THAT:**

1. The Clerk of Court is directed to **REOPEN** the file in this matter so that the Court may review the Third Amended Complaint.

2. Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

3. Plaintiff is granted thirty (30) days from the date of this order to file a fourth amended complaint to address the matters raised herein. **The fourth amended complaint must include a separate section titled "Subject Matter Jurisdiction" that explains in detail why the Court has subject matter jurisdiction over this case.**

3. The Clerk of Court is directed to **CLOSE** the file in this matter.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI**
**United States District Judge**